Okay, we're ready for our second case, which is number 19-14540 United States v. Antonio Munnings. Ms. Devine. Thank you, Your Honor, and may it please the court and counsel, Jenny Devine appearing on behalf of Mr. Antonio Munnings. Mr. Munnings is eligible for relief under the First Step Act because he is serving a sentence for covered offense. The government has conceded in other First Step Act cases, including ones this week, that in line with the Fourth Circuit's venerable decision and the unitary theory of sentencing, supervised release is part of the original offense and thus covered under 404-A. A consequence... Judge Newsom, can I ask you just a threshold question before we just launch off into a discussion of the First Step Act? Did you make a First Step Act motion in the district court? Yes, Your Honor. Show me. I mean, I assume there was no written motion. I haven't found that in the record. There was not. The motion is at document 295, the sentencing replication hearing transcript at page 93. And there's really... Just tell me, because I've read that transcript, and I only see one reference to the First Step Act, and it's in an examination of a witness. I don't see any other reference to the First Step Act in that transcript. Right. So I'd like to go through the components of what defense counsel argued as why this is a 404 motion. And I would suggest there's three really important components to what she's saying on page 93 that make this a 404 motion. First, she immediately identifies this case as appropriate for retroactive Fair Sentencing Act relief by referencing, I quote, the change of law in 2010, and then that Mr. Munnings' case involved under 280 grams of crack. She then states, quote, I think this is continuing because he's still on supervised release. This is a request under 404A for the district court to find that this is a covered offense. And then she goes on to argue if he were to be sentenced today, it would be a Class B violation because it's 5 to 40 and it's no longer life imprisonment. And then she goes on to suggest there's a significant increase in the guidelines as well. This is a request under 404B for the court to consider penalties as if the Fair Sentencing Act were in effect at the time the offense was committed. And then the government is your position. Let me just ask you a quick question. Is your position then that defense counsel herself made a motion by kind of like hinting at the, you know, or that the defense counsel so clearly put the district court on notice that this was First Step Act relief being sought, that the district court itself should have on its own motion. Sue Esfante considered this a First Step Act issue. I believe she made the motion, Your Honor, by including all of the components in 404A and 404B, labeling it retroactive Fair Sentencing Act relief and talking about why this was covered and why the court should consider penalties as if the Fair Sentencing Act were in effect. And then I believe. Let me just ask you this and then I promise I'll relent on this. But so you might have lots of ready answers and I have not gone to look. So there might be answers. But are there do you have examples of times when no one has ever filed anything? No one has ever used the word motion, even really a specific request for relief under a given statute. And we've nonetheless said, yeah, good enough. That's a motion. Well, all I can say is here the government responds to it as a 404 motion and then the district court agrees with the government. And so while I can't go outside this context to give the court specific examples, I think that when you have all of the elements of the motion, including all of the elements of what the government's response would be just because it's not labeled as such, doesn't mean that the district court doesn't have before it the exact argument under the First Step Act, a response from the government under the First Step Act and then a ruling on that, which affected the rest of the revocation sentence. So this this other aspect of the hearing might have consequences for you with regards to the ultimate decision on appeal. But the government seemed to understand that there was a 404 motion being made orally because at the end, the prosecutor asked the court whether or not if the case went up on appeal and things were different on a legal matter, it would impose the same sentence. Yes, I agree with that. They did that specifically because they construed this as a First Step Act motion. They also construed it just in their response on page 94, you know, where they specifically respond to this is not a covered offense because you have to look at whether or not he's already made this motion and you have to look at whether or not this is, you know, what existed at the time of the original sentencing. I mean, specifically what the what the government argued in response to the 404 motion made by Defense outside a revocation hearing context. And this report agreed with all of that. But, yes, I agree with the court that at the very end of the hearing, when the government is sort of prodding the district court to give that acquiescence on an alternative finding, it's because they had construed it. They had argued against it as a First Step Act response, and they construed it as a First Step Act motion. And they wanted to make sure that if it did go up on appeal, that the court had given some kind of alternative ruling. All of this. That's just my perspective. I'm not speaking for my colleagues. I understand, Your Honor. And but that that's that's the way I read the record, especially in in the way the government is responding. First, the government says there's been nothing in the record through all this period of time where Mr. Money's tried to get fair sentencing accurately. They say the First Step Act or any of that stuff. None of that stuff has happened. And the district court agreed. And that was erroneous because under 404A and the unitary theory of sentencing, we now know after Venable and the government's concessions and so forth, that supervised release is a covered offense under 404A. But that is essentially what they were arguing there when they said that when they said the First Step Act or any of that stuff. None of that stuff has happened. So they go on then to say what you're presented with is what the violation was at the time of the sentencing. In this case, and the district court agreed with that as well. And this was erroneous because, as we now know, post-corner under 404B, a consequence of eligibility is that the district court must, during its discretionary review, must consider post-fair sentencing act penalties, be informed by those penalties before it makes its discretionary decision. And I would just note, if none of this had happened at a revocation hearing and Mr. Munnings were to file a 404 motion today, the court would definitely consider, and the district courts in the Middle District of Florida are absolutely considering both sets of penalties during these motions at this point, because now we have the benefit of the Venable line of cases, cases like corner and so forth. So can I ask you just a quick question about that? I mean, I guess I take your point that if Mr. Munnings were to make what I'll call a real live honest to goodness First Step Act motion today, marshal all of his arguments and make a motion today, he would be entitled to consideration of it. I mean, have you considered the kind of the boomerang consequences of your position here, that this what I'll call kind of half-cocked sort of motion, if we deem it a motion, then this is his one shot? Yes, Your Honor, and this was a 404 motion at his revocation hearing. And because we do believe that it was a motion responded to as such by the government and ruled on by the district court, there is error here, and that error affected the whole revocation hearing and sentence for Mr. Munnings. So I think that it needed to be raised on direct appeal because the district court specifically said, I do not want to give the stat max, the government wants me to give a statutory maximum sentence. I'm not going to do that. In fact, I don't want to give an upward variance and I want to give a within guidelines sentence. So had the court done what corner is suggesting that 404B demands, which is that the court consider the alternative Post Fair Sentencing Act penalty structure, the difference in what the revocation sentence is during this hearing changes because obviously based on the court's own words, it might have considered instead of a high end of 37, it would have maybe considered the guideline range at a high end of 24 months and given no more than 24 months. We have no idea. And so because there's error at this revocation hearing, it's appropriate that this court address the error here and send it back to cure the error that happened during the revocation hearing. Let me let me ask you a related question, which is. We years ago, we encouraged when guidelines were mandatory, we encouraged district judges to let us know whether or not they would impose the same sentence if they happen to get a guideline issue wrong. Right. So in that particular context, the court says, I reject the defendant's argument. The guideline means X and not Y. I'm sentencing him or her to the higher guideline range. But by the way, even if I was wrong and he was one guideline range lower, I would impose the same sentence. How much detail do we require in that sort of scenario and how do you analogize it to what happened to Mr. Monning's here? Yes, your honor. And I don't think it requires much from the district court. Corner answers a lot of that, in their opinion, if you adopt that reasoning. And that's just simply assuming eligibility. I recognize the consequences of that eligibility as such. The pre fair sentencing act penalties are X, Y and Z. The post fair sentencing act penalties are X, Y and Z. For the following reasons, I do or do not grant first act relief. What's those reasons? What happened is that the district court can't say I assume eligibility. And I just give this sentence without explaining that it understood or knew what the alternative penalties were and that it took specifically the first step back into account in issuing the sentence. Time has expired. You can finish up. What the court cannot do is say that I think a sentence is reasonable, taking everything into consideration as the district were specifically set here. When all things consider isn't sufficient because it's all things. It's all things except the post fair sentencing act penalties, which corner says now is not sufficient under four or four B. Thank you. All right, thank you very much, Miss cider. Good morning. May it please the court. The district court didn't commit procedural error, much less a reversible error when it calculated the guidelines range of imprisonment that applied to Mr. Monning's on the revocation of the supervised release. He was originally sentenced to supervised release as part of this 2009 sentence for a crack cocaine offense, for which the maximum penalty was life imprisonment. That makes it a class a felony. That life imprisonment hasn't changed. Nothing about the fair sentencing act didn't change it. And the First Step Act didn't change it. And this idea that this is a first step act motion just has no part in this this is a guidelines range challenge and just because he promised it on the fair sentencing act doesn't turn it into a first step back motion. And when you read the transcript. You actually read what he's talking about when he says under the change in law in 2010, he doesn't mention the First Step Act 2010 is the fair sentencing. This is, this is just another way of trying to say that the fair sentencing actually retroactively applicable change his guidelines range. So to play off of what Judge Newsome asked Miss divine earlier. You want us to go the other way and say that this was never really a First Step Act case. Affirm the sentence on that ground, but then let Mr money is go back and file one in the district court, and be heard. He can, he can go back and file one if he wants I doubt it would be very. I doubt the district court is going to grant him relief if he just obviously a different question but he would not be precluded because it would be a second one you think he never really made a first one. So he should be allowed to file his really his first one. Once we're done with this appeal. I think that I mean I think it's going to depend on what his motion says what the First Step Act motion really says, and compared to what he actually said here at the sentencing. No, no, you can't get what you can't have it one way or the other, because the language of the act says you get one shot. I'm paraphrasing of course but you get one shot. And so, your position on this issue has to be black or white. It has to be, he didn't make or preserve a First Step Act motion. Therefore, we should affirm. But you have to understand that if that's the position you take that he's allowed to file a First Step Act motion, once we're done, whether he wins or loses on that as a whole different question, but he's able to file it without being precluded from filing. Yes, he is. Yes, he is and we are taking the position this is not a First Step Act motion I mean the First Step Act grants the district court authority to reduce a sentence, we are at an initial proceeding. The First Step Act has no place here. He, his argument is that the first up below was that somehow the Fair Sentencing Act changed the statutory penalty for the underlying conviction, so that the district court could just deem his underlying conviction felony, and then calculate his guidelines range on that basis. This is a classic guidelines range challenge, and the district court was correct. And so was the prosecutor and saying that this is a class A felony and we do look at the time of the original offense that is consistent with this law. So the district court didn't err in making that didn't err in calculating the guidelines range, and assuming it were guidelines range error. He controls that error can be harmless because the district court has told us what he would do, even if the guidelines range or lower for a class B felony, who would impose the same sentence of 36. This is Judge Newsome can I can I before we get off the First Step Act thing can I just ask you one sort of point of curiosity that I have about the language of the act it says so I don't think I hid my cards very well, I think, anyway, speaking for myself that I agree that Mr munnings himself did not file a proper First Step Act motion. However, the language of the statute says a court that imposed a sentence for a covered offense may on motion of the defendant, dot dot dot, or the court impose a reduced sentence. So, I mean is the argument here okay maybe mornings didn't make a motion but the court itself should have. Does the court I mean the court under the act has the authority to make its own motion it sounds like. Is that ultimately where this case sort of lands on whether the court abused its discretion and not to a spontaneous moving itself to grant relief. No. Um, and I think what is the language mean what is the what is the motion of the court language. I think the motion. I mean, first of all, that paragraph speaks in discretionary it says may report that imposes sentence for coverage events may impose a reduced sentence. That can't be read as requiring the court to sue a spontaneous raise this issue of First Step Act relief and then, you know, and then deciding whether it wants to exercise its discretion or not. That paragraph is just setting the parameters of the disc of the discretion and and the basis on which the district court can make its First Step Act ruling. But yeah, so I guess you don't dispute them, the sort of the baseline premise that because the district court has authority to grant emotion, sort of, on its own accord of its own accord that it could theoretically abuse its discretion and refusing to do so, not saying it did here but it could die of motion for to die, reduce sentence. Well, it could it could theoretically abuse its discretion in refusing to respond day to move itself under the First Step Act to reduce the sentence. I don't agree with that. I don't I don't know what does it mean that a court may on motion of the court impose the reduced sentence. I mean, doesn't that give the court authority to move itself to impose a reduced sentence I'm not saying that that many of those challenges would prevail because I think you're right that it would be an abusive discretion standard but I think that that language clearly gives the court authority to do it. It gives the court authority to do it but it just, it's not. It doesn't mandate the court, I mean, because the court has authority to do it discretion land that's why we're in abuse of discretion, just as it may. I guess I'm just asking you theoretically, theoretically, could a court of use its discretion for refusing to move itself to respond day to grant relief. Can I can I help you Miss cider. Yeah. So, maybe just some is right. But practically speaking, you'd never be able to get that case up on appeal. In other words, if there's no order to appeal from because the court never acted to respond to to consider whether or not to move. There's nothing to appeal now obviously if the judge says, okay, I'm exercising my sui sponte authority. I'm considering this on my own motion and I'm denying it. Then obviously you can get an appeal. But it's almost like the Administrative Procedure Act of an agency failing to exercise his discretion and not taking any action. It's essentially unrevealed because there's no order to review. In other words, if Mr money's had, let's say Mr money's didn't say a word about the first step back to the first sentencing act, or the, the fair sentencing act of the first step. And this was just a guideline cases you as you argue. If it goes back down he's eligible to file a motion for relief under the first step back. But if he doesn't file one. And the judge does nothing. There's nothing to appeal. That was very helpful. Right, you need you need some sort of action by the judge, for example, taking it up and then either granting or denying. But the failure to exercise a discretionary authority to even consider, I think would be practically hard to get up on appeal but I haven't thought it through maybe maybe I'm off base but it's at least a possibility. And now let me now let me turn to something else here. The exchange, let's assume for purposes of this question that this was a first act first step back motion made within the context of the revocation here. Okay, so I'm assuming something contrary to your argument. At the end, and I'm talking now about the alternative ruling of the district judge. The prosecutor asked the judge to say on the record, whether or not I forget whether it was a he or she would impose the same sentence. If the circumstances were different, and his classification of a felony were different, and the judge says sure I would do that. Is that enough for an alternative ruling under under. Okay, well, I guess I need to ask what the premises, I mean the premise is that this is the first step back to case. And, and yes and that's why the process I don't ask you for an alternative ruling. No, the prosecutor is asking for an alternative ruling because this court has urged this words are guidelines errors guideline calculation errors can be rendered harmless and if, if a court of this court. The district court tells us court that I would impose the same sentence and that is just because the prosecutor elicited doesn't reduce the credibility of the district court statement that yes I would oppose the same sentence, considering everything, even if it was a great, great big felony. And I guess, but here's in those guideline cases. Right, let's say that the defendant is arguing for a guideline interpretation that yields a an advisory guideline range of 3637 to 46 months. Okay. The government's guideline calculation because there's a sixth level enhancement applied is 97 to 108 months. The judge agrees with the government imposes a sense at the high end of the advisory range so he gives them 108 months. Okay, that's six years more than the bottom of the defendants proffer guideline range. At the end, the prosecutor asked the judge would you impose the same sentence, and the judge says yes, but doesn't explain how he or she would get to a six year variance if the defendant were right about the guideline range. How much explanation do we need from the district judge about imposing the same sentence, even if the guidelines were different. We don't need any, we don't need anything more than just what you said. I mean, in keen it says that's all we need to know. It just tell us how this court. What if you would impose the same sentence, and that would be harmless but so long as the sentence is still substantively reasonable under the reduced guidelines range. Even if the judge in my hypothetical doesn't explain the basis for what would be a six year upward variance. Yes, because a district court isn't required to give an express explanation as to all every single reason why it's to support it sentence. Well, but it is six year variance. You got to give some reason. I mean, I think we would reverse. If a district judge varied upward six years from a three year sentence to a nine year sentence and said nothing about the reason for doing it. You have to say something about why you're varying up why the guideline range is inadequate, why it doesn't satisfy the purposes of section 3553 right or you think or you think a judge could just very upward six years and not explain the variance at all. But this, but in your hypothetical the court wasn't varying upward, and it alternative ruling it. No, but legally on appeal we figured out that the judge made a mistake. And so that 108 month sentence really did turn out to be a six year variance. So how much explanation do we need if any, I guess your position is, we don't need anything. You don't need it. You don't need anything because the concern that the court was abusing its discretion is satisfied by the requirement that the sentence that the court imposed is substantively reasonable, even if it were a six level up, you know, majors upward variance. So, like here. Mr money hasn't ever argued that a 36 month sentence is unreasonable even if his guidelines range had dropped to 18 to 24 months. And so, if you send this back, the court has already told you what it would do it would impose the same 36 month sentence, and that would be within its discretion to do. And so we're not, this isn't. And so that's why it renders it harmless. Thank you. So, unless this court has any other questions. No, thank you. Thank you. You can, you can wrap up if you'd like. Oh, I was just gonna say, because the court didn't air or emit harmless, I mean, I'm at home player this court should affirm. All right, thank you very much. Mr vine you have your rebuttal time. Thank you, Your Honor. Excuse me. First I want to address a statement that the government made at the beginning, which is that the first step back doesn't have a place of replication hearings, and if I could speak generally very quickly to that, I would take issue with it. There's certain limits under 404, somebody has to be asking for relief under a covered offense, and it has to be a first complete review, but otherwise the first effect doesn't have any preclusions about when you can raise it and this is where I I don't think there's anything in the text of war for that precludes any of that and so if the government is arguing that you can't move for first step back really during a revocation hearing, I don't believe that the text of war for would agree with that position, and allowing courts to handle these issues during revocation hearings is actually very good for judicial economy into this extremely practical natural setting to do this, we've got the parties there, the defendant there the judges already there trying to decide what a reasonable on anybody involved to include what the post fair sentencing act penalties would be where the court to consider for step back relief. And then that's not even onerous on the district court because the district court could then simply say I don't. I think this is a thorny issue I don't want to deal with it here, please file a separate motion or yes I think this is actually a very appropriate time to deal with this issue. So, let's dispose of it now let me hear from the parties, and then follow, you know, 404 be and look at all sets of penalties, Mr Vine How much time does Mr money is have left on the revocation sentence. I believe that his current release date is March of 22. Your Honor. So he's got another year remaining on this 36 month sentence. The second thing other than the practicality of doing this during the hearing a revocation hearing is, is something that the government said about you know nothing's changed here in this case. Again, I would take issue with that and say corner as my authority that it's not that the penalties change. It's that when a district court decides to consider a first step back motion, assuming eligibility. They have to consider both sets of penalties in doing their discretionary review. And so it's not that it necessarily changes everything from a class A down to a class B, but that during its discretionary review to not abuse its discretion, the court has to look at what the post fair sentencing act stat maxes, and what the post fair sentencing act guidelines are. And here, those are reduced from five to three years, and the high end is reduced from 37 months to 24 months. So significant differences for Mr mornings. And, you know, the government suggestion that you know we didn't even raise that this is not a reasonable sentence, I, I don't believe I can argue that. 36 months isn't reasonable, based on a guideline range that the court refused to find. And so part of the problem here is the court refused to recognize its authority and refuse to find the other guideline ranges even applicable as something that it could consider during its reasonability discrimination. So for all those reasons we're asking the court to remand for resentencing for the district court to consider the alternate post fair sentencing act penalties. Thank you. Thank you both very much we appreciate the argument.